# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RYNE JON SCHNELL,

        Plaintiff,

    v.

WAUKESHA COUNTY TECHNICAL
COLLEGE, MICHELLE SKINDER,
JONATHAN PEDRAZA, SAM
SAEGER, MICHAEL LANGO, and
LINDSEY DAVIS,

        Defendants.

Case No. 26-CV-499-JPS

**ORDER**

    This case has been pending since late March 2026, ECF No. 1, with Plaintiff Ryne Jon Schnell ("Plaintiff") filing an amended complaint on April 10, 2026, ECF No. 7, and a second amended complaint on May 12, 2026, ECF No. 8. The operative complaint is awaiting screening pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff moves for leave to proceed without prepaying the filing fee. ECF No. 2. Plaintiff also moves to appoint counsel, ECF No. 3, to seal certain filings, ECF No. 4, and for miscellaneous relief related to his disability, ECF No. 5.

    As a threshold matter, Plaintiff's second amended complaint is improper. "A party may amend its pleading *once* as a matter of course . . . ." FED. R. CIV. P. 15(a)(1) (emphasis added). Plaintiff has already done so. ECF No. 7. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). Plaintiff failed to seek leave to amend his complaint again, and further

failed to "state specifically what changes are sought by the proposed amendments." CIV. L.R. 15(b).

Because Plaintiff is proceeding pro se, the Court will excuse his noncompliance with federal and local rules just this once, and will consider the second amended complaint to be the operative pleading in this matter. However, Plaintiff is warned that any further failure to follow applicable rules for amending his complaint will result in any such filings being stricken. Moreover, the Court clarifies that, at this stage in the case, before he has been permitted to proceed at all, *see* 28 U.S.C. § 1915(e)(2), Plaintiff need not file an amended complaint every time he wants to allege additional or later-occurring facts, especially if his legal claims are staying more or less the same. *Compare* ECF No. 7 at 32–34 *with* ECF No. 8 at 39–42. If Plaintiff's case is permitted to proceed past screening, he may seek leave to amend later in the case to add the facts that he believes have become relevant.

Alternatively, if the facts underlying Plaintiff's claims are still developing, he may file a notice of voluntary dismissal, as explained further below, and refile the case when the facts are fully developed.

Preliminary review of Plaintiff's operative complaint has brought a potential issue to the Court's attention. Plaintiff's amended complaint at several points references his parents as his "legal guardians" or "court-appointed guardians." ECF No. 8 at 8, 20–23, 29, 30–35, 40–42. Plaintiff does not appear to be a minor. *See generally id.* (raising allegations related to Plaintiff's participation in community college); *Ryne Schnell v. Party Sealed by Judge Horlacher*, Waukesha Cnty. Cir. Ct. Case No. 2026CV000412, *available*                                                                                    *at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2026CV000412&county

No=67&index=0&mode=details (last visited May 15, 2026) (providing 1985 as Plaintiff's year of birth).[1] In his motion to appoint counsel Plaintiff asserts that his disability, as well as the complexity of this case, warrants appointment of an attorney to represent him. *See* ECF No. 3 at 2–3.

In light of Plaintiff's assertions that his parents are his legal guardians and that he has a disability, the Court is not certain whether Plaintiff can be considered competent to represent himself. While appointment of counsel in civil cases is generally up to the discretion of the district court, 28 U.S.C. § 1915(e)(1), an adult who is a "ward"[2] of his parent cannot proceed pro se, nor can he be represented by a non-lawyer. *Vlasek v. Nemitz*, 70 F. App'x 363, 367 (7th Cir. 2003) (citing *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997) and *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1148–49 (7th Cir. 2001) (per curiam)). The Court is, at the very least, required to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c)(2).

The Court acknowledges that Plaintiff explicitly requests *not* to represent himself, *see generally* ECF No. 3, while also noting that Plaintiff describes himself as a "high-performing student," *id.* at 2, and that Plaintiff's filings are generally cogent. However, Plaintiff's competency will

---

[1] The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[2] "In a legal context, a ward refers to a person who is under the protection, care, or guardianship of another individual, typically due to being a minor or legally incapacitated. Courts appoint guardians to oversee the well-being and decision-making of wards who are unable to care for themselves." *"Ward,"* CORNELL LAW SCH. LEGAL INFO. INST., https://www.law.cornell.edu/wex/ward [perma.cc/RK3G-6GWC] (last visited Apr. 29, 2026) (italics removed).

drive how the Court handles Plaintiff's motion to appoint counsel as well as his pleadings and the other motions that he has filed.

The Court therefore needs additional information to determine how best to proceed in this case. Therefore, Plaintiff is directed to submit documentation related to any legal guardianship to which he is subject, including but not limited to court documents establishing legal guardianship and statements from his parents. Plaintiff should submit these documents accompanied by a motion to seal, thus ensuring that only the Court will be able to see them unless it orders otherwise. *See* GEN. L.R. 79(d). The Court will utilize these documents only for purposes of evaluating the necessity of appointment of counsel and Plaintiff's ability to represent himself.

Plaintiff shall file these documents on or before **June 15, 2026**. Once the Court receives this documentation, it will issue an order providing further direction for this case.

On a final note, Plaintiff's operative complaint references a parallel proceeding before the United States Department of Education Office for Civil Rights ("OCR"). ECF No. 7 at 12–13, 20, 29. Plaintiff "may have the right" to file this federal lawsuit suit even while the OCR proceedings are pending. *How the Office for Civil Rights Handles Complaints*, U.S. DEP'T OF ED., https://www.ed.gov/laws-and-policy/civil-rights-laws/file-complaint/how-the-office-for-civil-rights-handles-complaints [perma.cc/SC5D-47CC] (last visited Apr. 29, 2026). However, in the interest of avoiding duplicative proceedings and ensuring consistency in judgments, it may not be prudent for Plaintiff to prosecute two separate matters regarding the same facts at the same time. Should Plaintiff wish to voluntarily dismiss this federal lawsuit while his OCR complaint is pending, he may do so under Federal

Rule of Civil Procedure 41(a)(1)(A). Such a dismissal would operate without prejudice, allowing him to potentially refile the lawsuit at a later time. FED. R. CIV. P. 41(a)(1)(B). If Plaintiff opts to voluntarily dismiss this case, he is responsible for researching and noting any statute of limitations concerns.

Accordingly,

**IT IS ORDERED** that, on or before **June 15, 2026**, Plaintiff Ryne Jon Schnell shall **FILE** documentation in accordance with the instructions herein, together with a motion to seal that submission.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Case 2:26-cv-00499-JPS    Filed 05/15/26    Page 5 of 5    Document 9