# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RYNE JON SCHNELL,

Plaintiff,

v.

WAUKESHA COUNTY TECHNICAL COLLEGE, MICHELLE SKINDER, JONATHAN PEDRAZA, SAM SAEGER, MICHAEL LANGO, and LINDSEY DAVIS,

Defendants.

Case No. 26-CV-499-JPS

**ORDER**

This case has been pending since late March 2026, ECF No. 1, with Plaintiff Ryne Jon Schnell ("Schnell") filing a second amended complaint on May 11, 2026, ECF No. 8. Preliminary review of Plaintiff's operative complaint alerted the Court that Plaintiff's parents serve as Plaintiff's legal guardians, and the Court instructed Plaintiff to submit documentation related to legal guardianship under seal for the Court to determine how to best proceed. ECF No. 9 at 4. As in instructed by the Court, Schnell has submitted documents under seal related to legal guardianship and, separately, moved to seal those documents. ECF Nos. 10, 11. This Order addresses whether Schnell may proceed pro se and without a representative in light of his having been adjudicated incompetent. The Court will grant Schnell's motion to seal these documents because they include sensitive personal, legal, and medical information. *See* ECF Nos. 10, 11.

Schnell's parents, Jean Wright-Schnell and Jon Schnell, were appointed Schnell's Guardian(s) of the Person in 2012. ECF Nos. 11, 11-1; *see also* 11-2, 11-3. Under Federal Rule of Civil Procedure 17(b)(1), capacity to sue or be sued is determined based on "the law of the individual's domicile." FED. R. CIV. P. 17(b)(1). Under Wisconsin law,[1] a court may authorize a guardian of a person to exercise all or part of certain powers on that individual's (or "ward's") behalf "if it finds, by clear and convincing evidence, that the individual lacks evaluative capacity to exercise the power." WIS. STAT. § 54.25(2)(d)1. These powers include "[t]he power to act in all proceedings as an advocate of the ward, except the power to enter into a contract that binds the ward or the ward's property or to represent the ward in any legal proceedings pertaining to the property, unless the guardian of the person is also the guardian of the estate." *Id.* § 54.25(2) d.2.m. Here, a Wisconsin court has granted Schnell's guardians this power due to Schell's lack of "evaluative capacity." ECF No. 11 at 3; WIS. STAT. § 54.25(2)d.2.m.

Because Schnell has been adjudicated incompetent in this way, someone must sue on Schnell's behalf. FED. R. CIV. P. 17(c)(1); *Cheek v. Hackfort*, No. 21-cv-201-pp, 2022 WL 336834, at *2 (E.D. Wis. Feb. 4, 2022). Rule 17(c) allows for an incompetent person to sue or be sued via a representative: a general guardian, a committee, a conservator, a like fiduciary, or a court-appointed guardian ad litem. Fed. R. Civ. P. 17(c)(1)–(2). That representative must then obtain counsel, because a nonlawyer cannot represent another person pro se. *Vlasek v. Nemitz*, 70 F. App'x 363, 367 (7th Cir. 2003) (citing *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir.

[1]Schnell is domiciled in Wisconsin. ECF No. 8 at 2.

1997) and *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1148–49 (7th Cir. 2001) (per curiam)); *c.f. Fuller v. Patel*, No. 23-cv-1307-pp, 2024 WL 84141, at *3 (E.D. Wis. Jan. 8, 2024) ("Rule 17(c) of the Federal Rules of Civil Procedure allows a guardian to sue on behalf of an incompetent person, but it does not authorize a guardian to serve as a legal counsel for the decedent's estate. Moreover, Rule 17(c) addresses capacity to sue whereas 28 U.S.C. § 1654 addresses the right to proceed pro se."); *Foster v. Bd. of Educ. of Cty. of Chi.*, 611 F. App'x 874, 877 (7th Cir. 2015) ("[W]e have repeatedly held that the rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child *pro se*."). Accordingly, the Court will give Schnell an opportunity to amend his complaint to either join or substitute as a plaintiff in this action a representative who can bring suit on his behalf. FED. R. CIV. P. 17(a)(1); FED. R. CIV. P. 25(b). The Court will consider Schnell's outstanding motions and requests only after a representative has been joined or substituted.

As explained above, Schnell's representative(s), once parties to this action, cannot proceed pro se. Schnell has moved the Court to appoint counsel and, in doing so, has identified relevant considerations for the Court, including Schnell's financial need, efforts to obtain counsel, the complexity of the case, and Schnell's competency to represent himself considering disability-related limitations. *See* ECF No. 3; *see also Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (citing 28 U.S.C. § 1915(e)(1)). The Court will not rule on this motion at this juncture, but will nevertheless provide some additional context about the forces underlying Schnell's request. First, despite the generosity of local attorneys in offering pro bono services, there are never enough volunteers to match the volume of requests for appointed counsel. Thus, it becomes extremely difficult for the Court to

locate lawyers willing and able to take pro se cases by appointment. Second, the Court is bound by Congress's instruction in Federal Rule of Civil Procedure 1 that district courts must endeavor to secure the "just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. The process of securing counsel for pro se appointments can delay cases for months or even years, and allowing such an extension of the Court's trial schedule may contravene this directive. The Court will consider Schnell's motion to appoint counsel on its merits once one or more representatives have been joined or substituted in this action; for now, it merely notes these concerns for Schnell's awareness.

Accordingly,

**IT IS ORDERED** that, on or before **October 9, 2026**, Plaintiff Ryne Jon Schnell shall **MOVE** to substitute a representative as plaintiff in this action or **AMEND** his complaint to name a representative as an additional plaintiff in this action; and

**IT IS FURTHER ORDERED** that Schnell's Motion to Seal, ECF No. 10, be the same is hereby **GRANTED**; the Clerk of Court shall keep the documents ECF Nos. 11, 11-1, 11-2, and 11-3 under seal until further order of the Court.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge